# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT WIMER,** | ) | CASE NO. 1:17CV2021 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOSHUA EVERHARD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #21) of Plaintiff Robert Wimer to Exempt Plaintiff's Treating Physicians from the Written Report Requirements of Fed.R.Civ.P. 26(a)(2)(B).

This is a motor vehicle personal injury case brought in this Court on the basis of diversity jurisdiction. As a result of the automobile accident, Plaintiff allegedly suffered injuries to his neck, back and left shoulder. Plaintiff has not retained a medical expert and intends to rely on the testimony of his treating physicians at trial.

Pursuant to Fed.R.Civ.P. 26(a)(2)(B), a written report must be provided by a witness

who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

Plaintiff has disclosed the identities of his physicians and has provided Defendant with their medical records. Plaintiff expects the physicians to testify concerning the nature, cause and treatment of his injuries. Plaintiff asks the Court to exempt the treating physicians from the expert report requirement.

Defendant argues that the opinions of the treating doctors are not readily apparent in the medical records. Moreover, Defendant asserts that it is important to know specifically whether Plaintiff's doctors opine that a new injury occurred at the C3-4 level of Plaintiff's spine as a result of the accident or if the accident caused an aggravation of a pre-existing condition.

The Advisory Committee Notes to Rule 26 state: "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." "Implicit in Rule 26 . . . is the recognition that some witnesses may qualify as experts even though such witnesses need not produce the report required by Rule 26(a)(2) (B). Treating physicians are the quintessential examples of such experts." *Weimer v. Honda of America, Mfg., Inc*., No. 2:06-CV-844, 2008 WL 4503562, at *1 (S.D.Ohio Oct. 1,2008). The Sixth Circuit has expressly held that a treating physician who is not required to produce the Rule 26 report may nevertheless testify as to his opinion on causation when that opinion is based on his treatment of the patient. *Fielden v. CSX Transp., Inc*., 482 F.3d 866, 871 (6th Cir. 2007).

Therefore, the Court grants the Motion (ECF DKT #21) of Plaintiff Robert Wimer to Exempt Plaintiff's Treating Physicians from the Written Report Requirements of Fed.R.Civ.P.

26(a)(2)(B).  However, the Court recognizes its evidentiary gate-keeping function, and will re-visit this issue if raised by a motion in limine or otherwise, should Plaintiff's treating physicians offer opinion testimony which goes beyond the matters learned in the scope of their treatment of Plaintiff.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  December 10, 2018**